**Samira Mahmoud Adam ABDALLAH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–73369, 05–75165.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.[*]

Filed Dec. 2, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Mary Jane Candaux, Assistant Director, Jennifer L. Lightbody, Esquire, DOJ— U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

In No. 05–73369, Samira Mahmoud Adam Abdallah petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision not to reopen removal proceedings conducted in absentia. In No. 05–75165, Abdallah petitions for review of the BIA's order denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), we deny the petitions for review.

▆▆ The BIA properly concluded that Abdallah's motion before the IJ was untimely. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days). Abdallah failed to present evidence that she exercised diligence in

Howard R. Davis, Esquire, Law Offices of Howard R. Davis, Santa Monica, CA, for Petitioner.

Samira Mahmoud Adam Abdallah, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

discovering the extent of her prior counsel's errors and seeking to reopen proceedings. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes that she suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

The BIA acted within its discretion in denying Abdallah's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITIONS FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.